## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID W. CRITES, <br> #78188, <br><br>            Plaintiff, <br><br>   vs. <br><br> WOOD RIVER POLICE DEPARTMENT, <br> JOHN DOE 1, <br> JOHN DOE 2, <br> JOHN DOE 3, <br> and JOHN DOE 4, <br><br>            Defendants. | Case No. 18-cv-00615-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff David W. Crites, a detainee at Madison County Jail ("Jail"), brings this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 against the Wood County Police Department and several of its officers. (Doc. 1). In the Complaint, Plaintiff seeks monetary damages from the defendants for an allegedly illegal search, seizure, and assault that occurred in January 2018. (Doc. 1, p. 5). This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### **The Complaint**

Plaintiff sets forth the following allegations in his Complaint:

I David W Crites was walking down Ferguson Ave Wood River Illinois approx. 8 pm Jan 15, 2018. I was leaving my old place of residence. At 415 Short St. Wood River Illinois 62095. Where a dis-agreement with my ex-roommate/lover – Ms Mary Scalise- happend

After knocking and Mary looking out her big picture window seeing who just pulled to the curb directly in front of 415 short, Wood River Illinois, 62095 After her asking "who is it" – I stated it's David. Ive got a message from "Max She let me in to said residence huged exchanged plesentrys. Smoked high grad marjauauna. Several minutes later after expressing concern of her well being was asked to leave . . . After explaining I need legal paperwork and other things she stored in shed. . . .

When she threatend she would call 911 . . . I left 415 Short Ave and walked across railroad tracks up Furgson Ave. And was confronted by Wood River Police.

Under the color of law. These afore mentioned Wood River Police Officers violated my constitutional rights of life liberty and due process of law, illegal search and seizure, assault, crule unusal punishment abuse of power false imprisonment

(Doc. 1, p. 5). Along with the Complaint, Plaintiff filed a grievance in which he complains of

2

limited law library access, interference with legal documents, and mishandling of grievances at the Jail. (Doc. 1, p. 8).

## Discussion

The Complaint does not survive screening. Plaintiff does not mention the defendants in the statement of his claim or describe the conduct that gave rise to this action. His allegations and single exhibit have no apparent connection to his claims for an unlawful search, seizure, and assault.

In order to state a claim under § 1983, the plaintiff must establish that he was deprived of a constitutionally protected right by a defendant who acted under color of state law. 42 U.S.C. § 1983. *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 513 (7th Cir. 1993); *Patrick v. Jasper Cnty.*, 901 F.2d 561, 565 (7th Cir. 1990). A government official may not be held liable under § 1983 for the unconstitutional conduct of a subordinate because the doctrine of *respondeat superior* is inapplicable in this context. *Ashcroft v. Iqbal*, 556 US. 662, 676 (2009). Liability requires personal involvement in or personal responsibility for the deprivation of a constitutional right. *Knight v. Wiseman*, 590 F.3d 458, 462-63 (7th Cir. 2009) (citation omitted); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

Plaintiffs are required to associate specific defendants with specific claims, so that each defendant is put on notice of the claim(s) brought against him or her and so the defendant can properly answer the complaint. *See Twombly*, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included the name of a defendant in his statement of claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. *Id*. Further, merely invoking the name of a potential defendant is not enough to state a claim against an individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

Because Plaintiff asserts no specific allegations against Wood River Police Department, John Doe #1, John Doe #2, John Doe #3, or John Doe #4, the Court is unable to evaluate any potential claims against these defendants at this time. The Complaint shall therefore be dismissed. However, Plaintiff will be granted leave to file an amended complaint if he wishes to proceed with his claims against the defendants. If he chooses to do so, Plaintiff must follow the instructions and deadline for amending the Complaint that are set forth in the below disposition.

## Pending Motions

**1.  IFP Motion (Doc. 2)**

Plaintiff has filed a Motion for Leave to Proceed *in forma pauperis*, which will be addressed in a separate court order.

**2.  Motion for Recruitment of Counsel (Doc. 3)**

Plaintiff has also filed a Motion for Recruitment of Counsel, which is **DENIED** without prejudice to Plaintiff renewing the motion as the case proceeds. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Under 28 U.S.C. § 1915(e)(1), the district court has discretion to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question . . . is whether the plaintiff appears competent to litigate his own

claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff satisfies neither requirement. He disclosed his unsuccessful efforts to contact several attorneys by telephone. (Doc. 3, p. 1). Only two firms accepted "a prepaid recording," and "both declined." *Id*. However, Plaintiff discloses no efforts to write attorneys and request their assistance and no impediments to doing so. *Id*. He attached no documentation that demonstrates his efforts to secure counsel on his own. *Id*.

Further, the Court is unable to evaluate the difficulty of this case or Plaintiff's ability to litigate it without counsel. In the Motion, Plaintiff explains that he has a high school education and no access to medications. However, Plaintiff does not indicate that he actually *needs* medication. He also does not disclose any medical, mental health, language or other impediments to proceeding *pro se*. Further, he evinces an ability to litigate this matter without the assistance of counsel, despite his limited education. (Doc. 3, p. 2). Given these considerations, the Motion is denied.

## Disposition

**IT IS HEREBY ORDERED** that the **COMPLAINT** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Defendants **WOOD RIVER POLICE DEPARTMENT, JOHN DOE #1, JOHN DOE #2, JOHN DOE #3,** and **JOHN DOE #4** are dismissed without prejudice because the Complaint states no claim for relief against them.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff

5

shall file a First Amended Complaint, in which he describes the conduct of each defendant that supports a constitutional claim against that defendant. The First Amended Complaint must be filed on or before **May 16, 2018**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action (*i.e.,* 18-cv-00615-JPG). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his amended complaint. Claims against different groups of defendants that are unrelated to one another will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the

First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. No service shall be ordered on any defendant until after the Court completes its § 1915A review of the First Amended Complaint.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00[1] remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**
**DATED: April 18, 2018**

**s/J. Phil Gilbert**
**U.S. District Judge**

---

[1] Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, *unless* pauper status has been granted.