IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| DAVID W. CRITES, #78188, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 18−cv−00615−JPG |
| WOOD RIVER POLICE DEPARTMENT, C. JOHNSON, J. THOMAS, J. HOEFERT, and B. ROMBACH, | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is now before the Court for consideration of the First Amended Complaint filed pursuant to 42 U.S.C. § 1983 by Plaintiff David Crites. (Doc. 9). Plaintiff brings this action against the Wood River Police Department and its officers for their illegal search, seizure, and arrest of him on an undisclosed date. (Doc. 9, p. 6). He seeks monetary damages against the defendants, as well as unspecified policy changes. (Doc. 9, p. 8). This matter is now before the Court for preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

The First Amended Complaint does not survive screening under this standard.

1

**Discussion**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff who is filing a complaint in federal court to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." FED. R. CIV. P. 8(a). The short and plain statement under this rule does not need to include "'detailed factual allegations' but must have 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, the pleading must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

The allegations in the First Amended Complaint do not satisfy this standard because they are virtually incoherent. (Doc. 9, pp. 6-7, 9). The statement of claim consists largely of sentence fragments, which contain few facts. (Doc. 9, pp. 6-7). Buried among long lists of constitutional violations are vague references to events, misconduct, and injuries. (Doc. 9, pp. 6-7, 9). However, Plaintiff provides no context for them. *Id*. He organizes the document, if at all, by defendant. *Id*. Under the name of each defendant, Plaintiff buries additional facts, or no facts at all, in similar lists of constitutional violations and causes of action. *Id*. A typical example of the allegations is set forth below:

> <u>Defendant #2 Sgt. C. Johnson</u>
> Highest ranking officer on sceen. Also one of two first on the sceen. Although being dispatched to 415 Short Ave. for a disturbance. –In concert with others violated Plaintiff's rights– Plaintiff claims constitutional rights violations 14 am due process, equal protection, illegal search & seizure false arrest, distroying evidence.

(Doc. 9, p. 6). Plaintiff sets forth similar allegations against Defendant #4:

> Defendant #4 Officer B. Rombach
> Arriving on sceen moments after Defendants #2 and #3 acting in concert with others. While using the color of law violated the constitutional rights of the plaintiff. Disrespected the constitutional rights under the 14 am of due process, equal protection of plaintiff. Illegal search to seize, false arrest, distroying exclupatory evidence assault, false police reports.

(Doc. 9, p. 7).

Although the Court must liberally construe the allegations in a *pro se* complaint, the Court is not obligated to resort to guesswork when doing so. Making sense of Plaintiff's allegations in this case would require just that: guesswork. The allegations are largely unintelligible. *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). Plaintiff has omitted relevant information or scattered and concealed the few allegations that matter in a "morass of irrelevancies." *Id*. at 378. Simply put, Plaintiff does not state *who* did *what* to violate his constitutional rights.

Until Plaintiff files a complaint that complies with these basic requirements, the Court cannot fully evaluate his claims. The First Amended Complaint shall be dismissed for noncompliance with Rule 8 and for failure to state a claim. However, the dismissal shall be without prejudice, and Plaintiff will have an opportunity to file a Second Amended Complaint. If he chooses to do so, Plaintiff must comply with the instructions and deadline set forth in the below Disposition.

## **Disposition**

**IT IS HEREBY ORDERED** that the First Amended Complaint (Doc. 9) is **DISMISSED** without prejudice.

**IT IS ALSO ORDERED** that Plaintiff is granted leave to file a Second Amended Complaint within 28 days of the entry of this order (on or before **October 4, 2018**), if he wishes

to proceed with this case.  When doing so, he must clearly label the pleading, "Second Amended Complaint," and use the case number for this action (No. 18-cv-00615-JPG).  The Second Amended Complaint must state any facts that may exist to support his claims against each defendant and name the individual defendants who are directly responsible for the alleged constitutional deprivations.  To the extent possible, Plaintiff should avoid citations to long strings of constitutional violations and other causes of action, focusing instead on the facts giving rise to the action.  In other words, Plaintiff should simply state *who* did *what* to violate his constitutional rights.

Plaintiff is reminded that an amended complaint supersedes and replaces all prior complaints, rendering them void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint.  Thus, the Second Amended Complaint must stand on its own, without reference to any other pleading.  Plaintiff must also re-file any exhibits he wishes the Court to consider.  Failure to file his Second Amended Complaint by the above-listed deadline or consistent with the Court's instructions herein shall result in the dismissal of this action with prejudice.  *See* FED. R. CIV. P. 41(b).  Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on the defendants until after the Court completes its § 1915A review of the Second Amended Complaint.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for

leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

In order to assist Plaintiff in preparing his Second Amended Complaint, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form and a copy of the original Order Dismissing Complaint (Doc. 6).

**DATED: September 6, 2018**

s/J. Phil Gilbert
**District Judge**
**United States District Court**