# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVID W. CRITES, 78188,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 18−cv−00615−JPG |
| ) | |
| **WOOD RIVER POLICE DEPARTMENT,** ) | |
| **JOHN DOE 1,** ) | |
| **JOHN DOE 2,** ) | |
| **JOHN DOE 3,** ) | |
| **JOHN DOE 4,** ) | |
| **C. JOHNSON,** ) | |
| **J. THOMAS,** ) | |
| **J. HOEFERT,** ) | |
| **and B.ROMBACH,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER DISMISSING CASE

**GILBERT, District Judge:**

Plaintiff David Crites filed this action pursuant to 42 U.S.C. § 1983, for constitutional deprivations that resulted from an allegedly illegal search, seizure, and assault in Wood River, Illinois. (Doc. 1). The Complaint did not survive screening under 28 U.S.C. § 1915A and was dismissed without prejudice on April 18, 2018. (Doc. 6). Plaintiff was granted leave to file a First Amended Complaint on or before May 16, 2018. *Id*. However, he was warned that the action would be dismissed with prejudice and that the dismissal would count as a "strike" under 28 U.S.C. § 1915(g), if he failed to file an amended complaint by the deadline. *Id*.

Plaintiff filed a timely First Amended Complaint, but it was also dismissed without prejudice at screening on September 6, 2018. (Docs. 9, 11). He was granted leave to file a Second Amended Complaint on or before October 4, 2018, if he wished to pursue his claims in this action. (Doc. 11, pp. 3-4).

1

Plaintiff missed the deadline. At least a week has passed since it expired. Plaintiff has not requested an extension or filed a Second Amended Complaint.

The Court will not allow this matter to linger indefinitely. Accordingly, this action shall be dismissed with prejudice for failure to comply with a Court Order (Doc. 11) and/or prosecute his claims. *See* FED. R. CIV. P. 41(b). The dismissal counts as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

### Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice, based on Plaintiff's failure to comply with the Court Order to file a Second Amended Complaint on or before October 4, 2018 (Doc. 11) and Plaintiff's failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal counts as one of Plaintiff's three allotted "strikes" within the meaning of § 1915(g).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal and motion for leave to appeal *in forma pauperis*. *See* FED. R. APP. P. 24(a)(1)(C). Moreover, if the appeal is

found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: 10/11/2018**

s/J. Phil Gilbert
**U.S. District Judge**